NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 22 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

JORGE ERNESTO JIMENEZ
RIVERA; SILVIA SERRANO AYALA,

Petitioners,

v.

MERRICK B. GARLAND, Attorney
General,

Respondent.

No. 23-742

Agency Nos.
A209-063-759
A209-063-760

MEMORANDUM[*]

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted August 20, 2024[**]
San Francisco, California

Before: BRESS and VANDYKE, Circuit Judges, and LASNIK, District Judge.[***]

Jorge Ernesto Jimenez Rivera (Jimenez) and his wife, Silvia Serrano Ayala

(Serrano), both natives and citizens of El Salvador, petition for review of a Board of

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Robert S. Lasnik, United States District Judge for the Western District of Washington, sitting by designation.

Immigration Appeals (BIA) decision dismissing their appeal from an Immigration Judge (IJ) order denying Jimenez's applications for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).[1]

"Where, as here, the BIA cites *Matter of Burbano*, 20 I. & N. Dec. 872, 874 (BIA 1994) and also provides its own review of the evidence and law, we review both the IJ's and the BIA's decisions." *Cordoba v. Barr*, 962 F.3d 479, 481 (9th Cir. 2020) (internal quotation marks and alterations omitted). "We review the agency's factual findings for substantial evidence, but review '*de novo* both purely legal questions and mixed questions of law and fact . . . ." *Id.* (quoting *Mendoza-Pablo v. Holder*, 667 F.3d 1308, 1312 (9th Cir. 2012)). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

1. Substantial evidence supports the agency's denial of asylum and withholding of removal. To be eligible for asylum, Jimenez must demonstrate a "likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). To establish eligibility for withholding of removal, Jimenez must show "that it is more likely than not" that he will be persecuted if returned to

---

[1] Serrano is a derivative beneficiary of Jimenez's application for asylum. Because her petition depends on her husband's, we refer only to Jimenez.

El Salvador "because of" membership in a particular social group or other protected ground. *Barajas-Romero v. Lynch*, 846 F.3d 351, 357, 360 (9th Cir. 2017); *see also* 8 U.S.C. § 1231(b)(3).

For both forms of relief, Jimenez must show a nexus between the feared harm and a protected ground. *Garcia v. Wilkinson*, 988 F.3d 1136, 1143, 1146–48 (9th Cir. 2021). For asylum, this requires showing that the protected ground will be "one central reason" for the harm. 8 U.S.C. § 1158(b)(1)(B)(i). For withholding, Jimenez must show that the protected ground will be "a reason" for the harm. *Barajas-Romero*, 846 F.3d at 360. Attacks based on personal or pecuniary motives do not meet the nexus requirement and do not provide a basis for asylum or withholding of removal. *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010).

In this case, substantial evidence supports the agency's determination that Jimenez failed to show a nexus between his past or feared future harm and an actual or imputed political opinion. Jimenez claims that the gang members who threatened him would have imputed an anti-gang political opinion to him because he filed police reports after each of the 2012 car thefts. But, as the agency explained, there is insufficient evidence that Jimenez had any particular political opinion or that one would have been imputed to him. *See Singh v. Holder*, 764 F.3d 1153, 1159 (9th Cir. 2014). The record does not compel a contrary conclusion. Further, there is insufficient evidence to connect Jimenez's carjacking reports to the threats he

3                                                                          23-742

received from gang members three years later.

Substantial evidence also supports the agency's determination that Jimenez failed to show a nexus between his past or feared harm and his membership in any of his proposed particular social groups, even assuming they are cognizable. Jimenez's assumptions about the motivations of the car thieves and the gang members who threatened him were speculative. Nor did Jimenez establish any connection between these events. Substantial evidence supports the agency's determination that Jimenez's claim is essentially premised on his fear of crime. But "[a]n alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground." *Zetino*, 622 F.3d at 1016.

Because the lack of nexus is fatal to Jimenez's asylum and withholding claims, we do not reach his additional assignments of error.

2. Substantial evidence supports the denial of CAT relief. "'The Convention Against Torture provides mandatory relief for any immigrant who can demonstrate that it is more likely than not that he or she would be tortured if removed to the proposed country of removal.'" *Andrade v. Garland*, 94 F.4th 904, 914 (9th Cir. 2024) (quoting *Gutierrez-Alm v. Garland*, 62 F.4th 1186, 1200–01 (9th Cir. 2023)); *see also* 8 C.F.R. § 1208.16(c)(2).

In this case, substantial evidence supports the agency's determination that

Jimenez has not shown that he would face a particularized risk of torture if returned to El Salvador. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (per curiam) ("[T]he petitioner must demonstrate that he would be subject to a '*particularized* threat of torture . . . .'" (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004))). And although Jimenez argues that the agency overlooked certain evidence about the risk of torture he could face, he does not specifically identify any record evidence that the agency ignored. Nor was the IJ's reasoning impermissibly cursory.

In short, neither the country condition reports nor any other evidence Jimenez submitted compels the conclusion that Jimenez more likely than not will be tortured by or with the acquiescence of the government if he is removed to El Salvador.

**PETITION DENIED.**[2]

---

[2] Jimenez's motion to stay removal, Dkt. 2, is denied. The temporary stay of removal shall remain in place until the mandate issues.